**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD E. HALL,

      Plaintiff-Appellant,

v.

BETH GILMER-JONES, Detective,
Junction City KS; CHRIS BIGGS, Geary
County Attorney, Junction City KS;
LINDA BARNES-POINTER, Public
Defender, Junction City KS; TROY V.
HUSER, Attorney, Manhattan KS;
LARRY E. BENGSTON, District Judge,
Junction City KS; GEARY COUNTY
BOARD OF COUNTY
COMMISSIONERS, Junction City, KS,

      Defendants-Appellees.

No. 01-3131

(D.C. No. 01-CV-3065-GTV)
(D.Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited
under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Ronald E. Hall, a state prisoner appearing pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint.  We affirm.

Hall filed his complaint on February 27, 2001, alleging violations of his Fifth Amendment due process rights, his Fourteenth Amendment equal protection rights, and his Eighth Amendment cruel and unusual punishment rights.  The district court dismissed the complaint, finding (1) "no cause of action exists under § 1983 for the recovery of damages arising from an allegedly unconstitutional conviction where the challenged conviction has not been set aside"; (2) "both the county attorney and the state court judge are entitled to immunity"; (3) "plaintiff's allegations state no claim for relief against his appointed defense attorneys because these individuals are not considered state actors"; and (4) "plaintiff's claim for relief against the Board of County Commissioners is based solely on his conclusory assertion that the Board is responsible for the actions of the county employee."  Order at 1-3.

We agree with the district court's analysis of the issues and AFFIRM for substantially the same reasons as stated in the district court's order entered April 30, 2001.  Hall is reminded of his obligation to continue making the payments toward his

appellate filing fee until the entire fee has been paid.

Entered for the Court

Mary Beck Briscoe
Circuit Judge